UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER TSADILAS,

                            Plaintiff,

-against-

NASSAU COUNTY SPCA DETECTIVE
MATTHEW ROPER, and THE NASSAU COUNTY
SPCA,

                            Defendants.

NASSAU COUNTY SPCA DETECTIVE MATTHEW
ROPER, and THE NASSAU COUNTY SPCA,

                            Third-Party Plaintiffs,

-against-

THE COUNTY OF NASSAU,

                            Third-Party Defendant.

**THIRD-PARTY COMPLAINT**

Index No.:
21-cv-2765-GRB-ST

      The Defendant/Third-Party Defendants, Nassau County SPCA Detective Matthew Roper, and the Nassau County SPCA (collectively, "NCSPCA Parties"), by and through their counsel, Sahn Ward Braff Koblenz PLLC, as and for their Third-Party Complaint (the "Third-Party Complaint"), against the Third-Party Defendant, the County of Nassau (the "County"), allege as follows:

**THE PARTIES**

      1.     At all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, Nassau County SPCA Detective Matthew Roper ("Detective Roper"), was and is a resident of Suffolk County, New York.

      2.     At all times hereinafter mentioned, the Defendant/Third-Party Plaintiff, Nassau County SPCA ("NCSPCA"), was and is a 501(c)(3) not-for-profit organization with its headquarters and principal place of business located at 510 Grumman Road West, Bethpage, New York 11714.

3. Upon information and belief, the Third-Party Plaintiff, the County, was and still is a municipal corporation, duly organized and existing by virtue of the laws of the State of New York and is authorized to maintain a District Attorney's Office.

4. Upon information and belief, the Plaintiff, Peter Tsadilas ("Plaintiff"), was and is a resident of Suffolk County, New York.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action as it relates to Plaintiff's claims for relief pursuant to 42 U.S.C. § 1983.

6. The Court has jurisdiction over Plaintiff's claims under New York law as they are substantially related to Plaintiff's federal question claims.

7. The Court has jurisdiction over the NCSPCA Parties' claim against the County as the claim is substantially related to Plaintiff's claims under New York law.

8. Venue is proper in the Eastern District of New York as all the events underlying Plaintiff's allegations occurred in the Eastern District of New York.

## STATEMENT OF FACTS

A. **NCSPCA Parties**

9. First founded in or about 1979, the NCSPCA is an independent (*i.e.*, has no legal relationship with the County) and privately financed not-for-profit organization that protects animals in the County from abuse and neglect, while providing for their basic welfare.

10. Specifically, the NCSCPA: (i) helps educate the public, including children, regarding the importance of the humane treatment of animals; (ii) works to eliminate sport, entertainment, and gambling that involves violence toward and among animals; (iii) provides emergency support to

animals that are victims of natural and/or catastrophic events; and (iv) conducts in-depth investigations of animals that are reported as abused.

11. To date, the NCSCPA has saved thousands of animals in the County from abuse and neglect.

12. Detective Roper first joined the NCSPCA on or about December 28, 2006, and is presently its Director of Law Enforcement.

B. **NCSPCA's Relationship with the County**

13. On or about April 7, 2017, the NCSPCA, the Nassau County Police Department ("NCPD"), and the Nassau County District Attorney's Office ("NCDA"), executed a document titled "Memorandum of Agreement Between the Nassau County District Attorney, the Nassau County Police Department, and the Nassau County Society for the Prevention of Cruelty to Animals regarding the enforcement of laws pertaining to animal protection" ("MOA").

14. Per the MOA, the NCSPCA, the NCPD, and the NCDA agreed to specify their respective roles for purposes of "harmonizing" inter-agency operations for the investigation of animal cruelty and the support of animal cruelty prosecutions in the County.

15. The MOA requires the NCSPCA to utilize: (i) its peace officer corps to investigate animal cruelty offenses, either independently or in support of NCPD or NCDA; and (ii) the NCDA's Early Case Assessment Bureau ("ECAB") whenever it is contemplating criminal charges or is endeavoring to proffer a charge in any court of law within the County.

16. The MOA designates the NCDA, which is an administrative arm of the County, responsible for: (i) accepting responsibility, upon request from the NCSCPA, for legal petitions made under AML 26, §373(6); (ii) rendering legal assistance in all respects to the NCSPCA through

ECAB and/or the NCDA's Animal Crimes Unit ("ACU"); and (iii) prosecuting cases proffered by the NCSPCA after a thorough screening by ECAB and/or ACU.

17.     The MOA was in full force and effect at the time when Plaintiff's alleged claims under 42 U.S.C. § 1983 and New York law arose.

C.  **NCSPCA Conducted an In-Depth Investigation in Accordance with the MOA**

18.     On or about June 27, 2018, the NCSPCA was first contacted by the Town of Oyster Bay Animal Shelter ("Shelter") in connection with Plaintiff's dog, Callie, who upon information and belief, was brought to the Shelter on or about June 27, 2018.

19.     The NCSPCA dispatched an agent to the Shelter the same day.

20.     Upon the agent's arrival, the Shelter presented Callie, Plaintiff's dog, to the agent for inspection.

21.     The agent immediately noticed Callie appeared to be in a poor condition.

22.     Specifically, the agent witnessed that Callie had: (i) her rib cage, vertebrae, and/or pelvic bones protruding from her body; (ii) her ears being the shape of a cauliflower; (iii) overgrown nails; and (iv) difficulty hearing.

23.     On or about June 27, 2018, the Shelter then transported Callie to Carman Avenue Veterinary Hospital where she was attended to by Dr. Antony Tundo, DVM.

24.     Besides what the agent witnessed, Dr. Tundo further identified Callie had: (i) a fever of 101.3 degrees Fahrenheit; (ii) tick and flea fecal matter on her body; (iii) an ear infection; and (iv) a skin infection.

25.     In furtherance of the NCSPCA's investigation, on or about June 28, 2018, Detective Roper contacted Plaintiff who admitted to Detective Roper that Callie: (i) was Plaintiff's dog; (ii)

escaped Plaintiff's home and was missing for approximately twenty-four (24) hours; and (iii) was not brought to a veterinarian in a "couple of years."

26.     On or about June 29, 2018, Dr. Tundo confirmed that Callie had a tumor in her right ovarian/uterine horn and had lime disease.

27.     Based on Dr. Tundo's examinations of Callie, Dr. Tundo advised the NCSPCA that he believed Callie was neglected of proper nutrition for at least three (3) months.

28.     In light of Dr. Tundo's examinations and the NCSPCA's in-depth investigation into Plaintiff and Callie, on or about June 29, 2018, the NCSPCA contacted the NCDA, and specifically ECAB, to provide legal assistance as NCSPCA was contemplating criminal charges against Plaintiff and/or considering proffering a charge in a court of law in the County.

29.     The NCSPCA, then, complied with all aspects of the MOA.

D. **NCDA Rendered Legal Assistance to the NCSPCA and Prosecuted Plaintiff in Accordance with the MOA**

30.     In accordance with the MOA, the NCDA provided legal assistance to the NCSPCA in connection with Callie and Plaintiff.

31.     Specifically, the NCDA's legal support included but was not limited to: (i) reviewing and analyzing all the case file materials, photographs, and other evidence provided by the NCSPCA in connection with Callie; (ii) preparing and drafting the accusatory instrument against Plaintiff; (iii) preparing ECAB Report No. 9241/18 detailing the case facts, arraignments/bail factors, and Plaintiff's statements; and (iv) prosecuting Plaintiff.

32.     The NCDA, not Detective Roper nor the NCSPCA, reviewed all the case file materials, photographs, and other evidence and made the determination that Plaintiff should be prosecuted for violating §353 of the New York Agriculture and Markets Law.

33. The NCDA, acting independently and on its own volition, then proceeded to prosecute Plaintiff, including preparation and filing of the accusatory instrument, and handled the prosecution of Plaintiff up to and through his trial by jury.

34. The NCDA's actions were therefore in accordance and fully compliant with the MOA.

E. **Procedural History**

35. Plaintiff filed his Complaint against the NCSPCA Parties on May 17, 2021.

36. Attached herein as **Exhibit "A"** and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the NCSPCA Parties' interests, is a true copy of Plaintiff's Complaint.

37. On May 20, 2021, Plaintiff filed an Amended Complaint where he asserted claims against the NCSPCA Parties per 42 U.S.C. § 1983 and under New York law.

38. Attached herein as **Exhibit "B"** and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the NCSPCA Parties' interests, is a true copy of Plaintiff's Amended Complaint.

39. The NCSPCA Parties filed their Answer to the Amended Complaint on July 9, 2021.

40. Attached herein as **Exhibit "C"** and incorporated herein by reference is the NCSPCA Parties' Answer dated July 9, 2021, to Plaintiff's Amended Complaint.

41. On January 28, 2022, the NCSPCA Parties filed a motion with the Court to implead the County, which Plaintiff did not oppose.

42. Attached herein as **Exhibit "D"** is the NCSPCA Parties' motion to implead the County and Plaintiff's letter confirming Plaintiff would not oppose.

43.     On January 31, 2022, the Court issued a Text Order approving the NCSPCA Parties' motion to implead the County.

### AS AND FOR A FIRST THIRD-PARTY CAUSE OF ACTION
(Contribution Under New York Law)

44.     NCSPCA Parties repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as though more fully set forth herein.

45.     The NCDA is an administrative arm of the County, with prosecutorial powers.

46.     As the NCDA prosecuted Plaintiff, the NCDA had a duty to not commit any tortious acts toward Plaintiff.

47.     Plaintiff, however, asserts claims under New York law for malicious abuse of process (*i.e.*, Plaintiff's Fourth Cause of Action) and malicious prosecution (*i.e.*, Plaintiff's Fifth Cause of Action).

48.     If Plaintiff's allegations in the Amended Complaint are taken as true regarding the claim for malicious prosecution, the NCDA had a duty to not prosecute Plaintiff without probable cause and/or to not prosecute Plaintiff with malice, which if either duty was breached, contributed and/or aggravated Plaintiff's alleged damages.

49.     In a similar vein, if Plaintiff's allegations in the Amended Complaint are taken as true regarding the claim for abuse of process, the NCDA had a duty to not harm Plaintiff without excuse or justification, which if such a duty was breached, contributed and/or aggravated Plaintiff's alleged damages.

50.     Though the NCSPCA Parties deny allegations of wrongdoing asserted against then by Plaintiff, should the NCSPCA Parties be found liable to Plaintiff then such liability shall derive from the County's actions and/or omissions, and the NCSPCA Parties shall be entitled to contribution from the County.

51. As such, if Plaintiff recovers a verdict or judgment against the NCSPCA Parties, the NCSPCA Parties are entitled to contribution from the County in an amount to be determined at trial in accordance with their relative culpability.

**WHEREFORE**, the Defendants/Third-Party Plaintiffs, Nassau County SPCA Detective Matthew Roper, and the Nassau County SPCA, demand judgment as follows:

A. On the First Third-Party Cause of Action, if the NCSPCA Parties are found liable to Plaintiff, an order requiring the County to pay damages in an amount to be determined in accordance with the County's relative culpability, plus interest; and

B. Awarding such other and further relief both at law and in equity as the Court deems just and proper.

Dated: Uniondale, New York
March 2, 2022

**SAHN WARD BRAFF KOBLENZ PLLC**
*Attorneys for Defendants/Third-Party Plaintiffs,*
*Nassau County SPCA Detective Matthew Roper and*
*the Nassau County SPCA*

By:  /s/ Adam H. Koblenz
 Adam H. Koblenz, Esq.
 Joseph D. Brees Esq.
 333 Earle Ovington Boulevard, Suite 601
 Uniondale, NY 11553
 (516) 228-1300
 akoblenz@sahnward.com
 jbrees@sahnward.com